UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MAISHA IMANI HAMILTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV890 TIA |
| | ) | |
| EUGENE STUBBLEFIELD[1], | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, a pretrial detainee at St. Louis City Justice Center, has filed her petition on the grounds that (1) there was a slight delay between the time the indictment was filed and the time she was arraigned, (2) that some of the information in the indictment is contrary to the police reports and/or the purported outstanding warrant, (3) that she was never formally arrested, but rather, kept in custody under a false "fugitive warrant," and (4) that she was unlawfully denied bond because she was incorrectly labeled a "fugitive." The petition will be summarily dismissed.

---

[1]Although petitioner named Governor Matt Blunt and Senator Christopher Bond as respondents, the proper respondent for this habeas action is the superintendent of the St. Louis City Justice Center, where petitioner is currently being detained.

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial habeas petitions. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pretrial habeas relief." Id. Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. Id. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488 (1973); Blanck, 48 F.Supp.2d at 860.

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that she has exhausted her available state remedies. Petitioner's allegations are conclusory and do not contain any facts, which if proved, would demonstrate that she has been deprived of the right to a speedy trial or that she has been put in double jeopardy. Additionally, the claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 8th day of July, 2008.

*Stephen N. Limbaugh*
SENIOR UNITED STATES DISTRICT JUDGE